*Susan W. Parkin v. Target Commercial Interiors, Inc.*

**INDEX OF EXHIBITS**
**NOTICE OF REMOVAL OF CIVIL ACTION**

| Exhibit | Description |
| --- | --- |
| A | Plaintiff's Complaint |
| B | True Copies of All Papers That Target Received From Plaintiff |

# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Elishua Cervantes, Deputy
Date 07/02/2014 Time 15:54:31
Description                  Amount
------- CASE# CV2014-008707 -------
CIVIL NEW COMPLAINT          319.00

TOTAL AMOUNT                 319.00
Receipt# 23868252

1 | LUBIN & ENOCH, P.C.
Nicholas J. Enoch
2 | State Bar No. 016473
Kaitlyn A. Redfield-Ortiz
3 | State Bar No. 030318
349 North Fourth Avenue
4 | Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
5 | Facsimile: (602) 626-3586
Email: nicholas.enoch@azbar.org

6

Attorneys for Plaintiff

7

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

IN AND FOR THE COUNTY OF MARICOPA

9

10 | Susan W. Parkin, a married
woman; and a class of others
11 | similarly situated,

No.

CV 2014-008707

12 |     Plaintiff,

13 | v.

COLLECTIVE ACTION
COMPLAINT

14 | Target Commercial Interiors,
Inc., a Minnesota
15 | corporation,

16 |     Defendant.

17      **NOW COMES** the Plaintiff, Susan W. Parkin ("Parkin"), on

18 | behalf of herself and all others similarly situated,

19 | bringing this collective action against Defendant Target

20 | Commercial Interiors, Inc. ("Target") pursuant to the Fair

21 | Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

22 | ("FLSA").

23                          **INTRODUCTION**

24      1.   Parkin was employed by Target from October 2008

25 | through her retirement in April 2013.

26      2.   In this lawsuit, Parkin alleges that Target

27 | willfully contravened her right, and the right of her

28 | similarly situated co-workers, to be compensated for all the

1  overtime wages due them in accordance with the overtime
2  provisions of the FLSA, 29 U.S.C. § 207.

3                              **PARTIES**

4      3.   Parkin currently resides in Phoenix, Arizona.

5      4.   Parkin was an employee of Target as defined in 29
6  U.S.C. § 203(e)(1).

7      5.   Parkin was an employee of Target as defined in
8  A.R.S. § 23-350(2).

9      6.   Pursuant to 29 U.S.C. § 216(b), Parkin also seeks
10 to represent all other similarly situated employees who
11 work(ed) for Target and who have not been appropriately paid
12 the requisite overtime compensation.

13     7.   Parkin requests that she be permitted to serve as
14 representative of those who will later consent to
15 participate in this action and that this action be granted
16 collective action status pursuant to 29 U.S.C. § 216(b).

17     8.   Parkin presently believes and alleges that the
18 class includes approximately a dozen (12) other employees
19 who have, during the past three (3) years, worked for Target
20 at all of its locations as Senior Interior Designers.

21     9.   The claims asserted herein on behalf of Parkin and
22 the class present questions of law and fact common to the
23 class including, in particular, whether Target failed to pay
24 them the requisite overtime and, if so, for what reason.

25     10.  Parkin's claims are typical of the claims of the
26 class.

27

28                               2

1      11.   Parkin, as the named party, will fairly and
2    adequately protect the interests of the class.

3      12.   The prosecution of separate lawsuits by individual
4    members of the class would not be judicially inefficient but
5    it would create a risk of inconsistent or varying
6    adjudication with respect to individual members of the
7    class, which would establish incompatible standards of
8    conduct for Target.

9      13.   Target is engaged in commerce or in the production
10   of goods for commerce and/or handles, sells or otherwise
11   works on goods or materials that have been moved in or
12   produced for commerce.

13     14.   Target is a Minnesota corporation with its
14   principal place of business in Minneapolis, Minnesota.
15   According to its website,

16              Minneapolis-based Target Commercial
                Interiors is a wholly-owned subsidiary of
17              Target Corporation (NYSE:TGT) that
                provides high-quality commercial
18              furnishings and related services to
                business clients around the world.
19              Target Commercial Interiors is one of the
                nation's largest dealers of Steelcase
20              office furniture, with seven offices in
                four states and expertise spanning many
21              industries including office interiors,
                healthcare, higher education, hospitality
22              and sports arenas.

23   *See* http://www.targetcommercialinteriors.com/company/ (last
24   visited July 3, 2014).

25     15.   According to Target's website, the "four states"
26   mentioned in ¶ 14 *supra* are Arizona, Illinois, Minnesota and
27   Wisconsin.   *See*

28                                3

1  http://www.targetcommercialinteriors.com/locations/ (last
2  visited July 3, 2014).

3     16.  Target operates the Phoenix/Tempe Furniture
4  Showroom at 8530 South Priest Drive in Tempe, Arizona.

5     17.  Target's annual gross volume of sales or business
6  done is not less than five-hundred thousand dollars
7  ($500,000).

8     18.  Target was Parkin's employer as defined in 29
9  U.S.C. § 203(d).

10     19.  Target was Parkin's employer as defined in A.R.S.
11  § 23-350(3).

12                  **JURISDICTION AND VENUE**

13     20.  This Court has jurisdiction over the subject
14  matter of this complaint pursuant to 29 U.S.C. § 216(b) and
15  A.R.S. § 12-123.

16     21.  Venue is proper in this Court pursuant to A.R.S. §
17  12-401(18).

18                  **GENERAL ALLEGATIONS**

19     22.  From on or about October 2008 through April 2013,
20  Parkin was employed by Target.  During this period of time,
21  she primarily worked as a Senior Interior Designer at the
22  office located in Tempe.

23     23.  A true and accurate copy of Target's Job
24  Description for, *inter alia*, the Senior Interior Designer
25  position is attached hereto as *Exhibit A* and is incorporated
26  herein by reference pursuant to Arizona Rule of Civil
27  Procedure 10(c).  Parkin believes that the Job Description

28                       4

1 │ fairly and accurately describes the Key Duties and
2 │ Responsibilities of her former position.

3 │     24.   What the Job Description does not do, however, is
4 │ describe or estimate how much time a Senior Interior
5 │ Designer will, on average, actually spend on any given task.

6 │     25.   Given the actual nature of their duties, Parkin
7 │ and the other Senior Interior Designers were improperly
8 │ classified by Target as FLSA-exempt when, in fact, they
9 │ clearly should have been covered by the Act.

10 │     26.   During the relevant time period – to wit, the last
11 │ three (3) years – Target's policy was to pay its Arizona-
12 │ based Senior Interior Designers, including Parkin, biweekly.

13 │     27.   During the relevant time period Parkin's salary
14 │ for a biweekly term increased from approximately $ 2,123.20
15 │ to $ 2,450.00.   Thus, Parkin's regular rate of pay during
16 │ the relevant time period was between, roughly, $26.54 per
17 │ hour and $30.63 per hour.

18 │     28.   During virtually all two-week pay periods, Parkin
19 │ worked more than eighty (80) hours for Target.

20 │     29.   Upon information and belief, the other Senior
21 │ Interior Designers also worked more than forty (40) hours in
22 │ a work week.

23 │     30.   Parkin and her fellow Senior Interior Designers
24 │ received no compensation, let alone overtime compensation,
25 │ for any hours worked in excess of forty (40) per week.

26 │     31.   The employment and work records for Parkin and her
27 │ fellow Senior Interior Designers are in the exclusive

28 │                            5

1 possession, custody, and control of Target, and she and the
2 others are unable to state at this time the exact amount
3 owing to each of them.  Target is under a duty imposed by
4 A.R.S. § 23-364(G), 29 U.S.C. § 211(C) and the other
5 regulations of the U.S. Department of Labor and Arizona
6 Industrial Commission to maintain and preserve Parkin's
7 payroll and other employment records from which the amounts
8 of Target's liability can be ascertained.

9      32.  The federal laws regarding overtime are contained
10 in the FLSA.  The FLSA is a remedial statute designed to
11 eliminate labor conditions detrimental to the maintenance of
12 the minimum standard of living necessary for the health,
13 efficiency, and general well-being of workers.  29 U.S.C. §
14 202.  The FLSA sets a maximum number of hours employees may
15 work per week.  29 U.S.C. § 207.  Unless an FLSA exemption
16 applies, employees may be required to work more than forty
17 (40) hours per week only if, for every hour worked over the
18 maximum, the employer compensates the employee at a rate not
19 less than one and one-half (1 ½) times the regular rate at
20 which he is employed.  29 U.S.C. § 207(a)(1).

21      33.  The FLSA applies on a workweek basis.  Averaging
22 of hours over two or more weeks is not permitted.

23      34.  At no time during the relevant time period did
24 Target ever inform Parkin that her compensation was being
25 calculated based on a fluctuating workweek.  Indeed, Target
26 specifically relayed to Parkin, and the other Senior
27 Interior Designers, that they were FLSA-exempt employees.

28                             6

1 As such they did not have a clear, mutual understanding that
2 a fixed salary would be paid for fluctuating hours because
3 the parties had not contemplated overtime pay in the first
4 instance.  In addition, because Parkin and her colleagues
5 were erroneously classified as exempt, overtime compensation
6 was not provided contemporaneously.

7      35.  The overtime pay requirements of the FLSA do not
8 apply to salaried employees who work in a bona fide
9 executive, administrative, or professional capacity.  29
10 U.S.C. § 213(a)(1).  Parkin, as well as the other members of
11 the putative collective action, clearly do not fall within
12 any of the legally recognized exemptions.  Indeed, it is
13 well-settled that FLSA exemptions are to be narrowly
14 construed against employers, like Target, and withheld
15 except as to persons plainly and unmistakably within the
16 terms of the regulation.

17      36.  By way of example, Parkin's primary duties do not
18 include managing the enterprise or managing a customarily
19 recognized department or subdivision of the enterprise.
20 Parkin's primary duties do not include directing the work of
21 at least two or more other full-time employees.  Parkin's
22 primary duties do not include the authority to hire or fire
23 employees.

24      37.  Therefore, Parkin does not qualify for the
25 executive exemption to the FLSA.
26 ///
27 ///
28                              7

1     38.   Parkin's primary duties did not include work
2  requiring:   (1) advanced knowledge (2) in a field of science
3  or learning (3) customarily acquired by a prolonged course
4  of intellectual instruction.

5     39.   Parkin's primary duties were not of advanced
6  knowledge because they were not predominantly intellectual
7  in character and did not require analyzing, interpreting,
8  and making deductions.   Work that is routinely mental,
9  manual, mechanical, or physical does not qualify for the
10 exception.   Parkin's primary duties were routine, manual and
11 mechanical because they focused on selecting systems office
12 furniture for clients based on a given space.   The office
13 furniture was selected from a pre-produced list of furniture
14 items designed by Target.

15    40.   Parkin did not work in a "field of science or
16 learning"; such as law, medicine, theology, accounting,
17 actuarial computation, engineering, architecture, teaching,
18 various types of physical, chemical and biological sciences,
19 pharmacy, or other similar fields that have a recognized
20 professional status.

21    41.   Interior design is not a "field of science or
22 learning" but rather a mechanical art or skilled trade.
23 Other skilled trades, even the fairly advanced type, will
24 not be exempt unless they are in the field of science or
25 learning.
26 ///
27
28                              8

42.   Parkin's interior design degree was not "acquired by a prolonged course of specialized intellectual instruction" because it is not required for entry into the occupation of interior design.   The learned professional exemption is restricted to professions where specialized academic training is a standard prerequisite for entrance into the profession.

43.   Parkin's job does not require "specialized intellectual instruction" because it can be performed with a degree in any field, with training from an informal apprenticeship program, or with no degree at all.   The learned professional exemption is not available for occupations that may be customarily performed with general knowledge acquired by an academic degree in any field, with knowledge acquired through an apprenticeship, or with training in the performance of routine mental, manual, mechanical or physical processes.   Individuals with adequate training or a different college degree could easily use Target's computer program to assemble varied office furniture designs.

44.   Therefore, Parkin does not qualify for the learned professional exemption to the FLSA.

45.   Parkin's primary duties did not include work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.   The requirement of "invention, imagination, originality or talent" distinguishes the creative professions from work

9

1  that primarily depends on intelligence, diligence and
2  accuracy.  Parkin is not in a field of artistic or creative
3  endeavor because she selects pre-made furniture from the
4  furniture offered, and must listen to client preferences
5  over her own.

6      46.  Recognized fields or artistic and creative
7  endeavors include music, writing, acting and the graphic
8  arts.  Interior design is clearly not encompassed within one
9  of these fields or endeavors.

10     47.  Therefore, Parkin does not qualify for the
11 creative professional exemption to the FLSA.

**FIRST CLAIM FOR RELIEF**
**Violation of FLSA Overtime Compensation Standard**

     48.  Target has willfully failed to compensate Parkin
and her former colleagues for overtime hours they worked as
required under 29 U.S.C. § 207.  Parkin and the putative
members of the collective action are entitled to receive
compensation at a rate of one and one-half (1 ½) times the
regular wage rate for any hours worked for Target in excess
of forty (40) hours in any week plus liquidated damages
pursuant to 29 U.S.C. § 216(b).

     49.  Parkin and others similarly situated are also
entitled to receive an award of attorneys' fees and costs
pursuant to 29 U.S.C. § 216(b), which form an integral part
of the relief sought herein.

///
///

10

1                                  **PRAYER**

2        **WHEREFORE**, Parkin and others similarly situated pray

3    that they recover from Target the following:

4        1.   An award of unpaid overtime in an amount

5    appropriate to the proof adduced at trial pursuant to 29

6    U.S.C. §§ 207 and 216(b);

7        2.   An award of liquidated damages regarding #1, *supra*,

8    in an amount appropriate to the proof adduced at trial

9    pursuant to 29 U.S.C. § 216(b);

10       3.   A declaratory judgment pursuant to the Uniform

11   Declaratory Judgments Act, A.R.S. § 12-1831, *et seq.*, that

12   Target has willfully and wrongfully violated its statutory

13   and legal obligations and deprived Parkin and all others who

14   are similarly situated of their rights, privileges,

15   protections, compensation, benefits, and entitlements under

16   the law, as alleged herein;

17       4.   An enhancement payment to Parkin of no less than

18   ten thousand dollars ($10,000) as compensation for the

19   expense she incurred on behalf of the putative members of

20   the collective action;

21       5.   In the event Target fails to satisfy any judgment

22   against it within ten (10) days of the judgment becoming

23   final, Target shall pay to the prevailing Plaintiffs an

24   amount which is treble the amount of the outstanding

25   judgment with interest thereon, in accordance with A.R.S. §

26   23-360;

27       6.   Attorneys' fees pursuant to 29 U.S.C. § 216(b);

28                                   11

1       7.   Court costs and costs of litigation pursuant to,

2    *inter alia*, 29 U.S.C. § 216(b);

3       8.   Such other and further equitable relief to which

4    Plaintiffs are entitled pursuant to Arizona Rule of Civil

5    Procedure 54(d); and

6       9.   Such other and further equitable relief as the

7    court deems just.

8       RESPECTFULLY SUBMITTED this 2nd day of July 2014.

9                   LUBIN & ENOCH, P.C.

10

11                   Nicholas J. Enoch, Esq.

                    Attorney for Plaintiff

12           **CONSENT TO JOIN COLLECTIVE ACTION**

13

14       I understand that this lawsuit is brought under, *inter*

    *alia*, the FLSA, as amended, 29 U.S.C. § 216(b).  I hereby

15    consent, agree and opt-in to become a Plaintiff herein and

16    be bound by any judgment of the Court or any settlement of

17    this action.

18

19

20                   Susan W. Parkin

                    Plaintiff

21

22

23

24

25

26

27

28                12

1 | Original and two (2) copies
of the foregoing Complaint
2 | filed this 2nd day of July,
2014, with:

3

Michael K. Jeanes
4 | Clerk of Superior Court
Maricopa County, Arizona
5 | 201 West Jefferson Street
Phoenix, Arizona 85003

6

One (1) courtesy copy mailed
7 | this same date to:

8 | Timothy R. Baer, Esq.
Target Corporation
9 | TPS-2670
1000 Nicollet Mall
10 | Minneapolis, Minnesota 55403
Attorney for Defendant

11

12
/s/ Amanda Zelisko
13 | F:\Law Offices\client directory\Parkin\pleadings\2014-7-2 (6000-001) COMPLAINT.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                     13

# EXHIBIT A

Target Commercial Interiors Planning and Design Exempt Job Description

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead (Focus on projects) | Senior Design Lead (Focus on projects) |
|---|---|---|---|---|---|
| **Key Duties and Responsibilities** | | | | | |
| With specific direction, assist or assume responsibility for the design and specification of all assigned projects. | • | | | | |
| With moderate direction, assist in the design and specification of all assigned projects. | | • | | | |
| With minimal direction, assist in the design and specification of all assigned projects. | | | • | | |
| Assumes total responsibility for design and specification and management of project teams and project budget on all assigned projects. | | | | • | • |
| Ownership of design projects | Assist | Assist or Lead | Assist or Lead | Lead | Lead |
| Prepare and participate in consultative selling engagements and marketing efforts | Assist | Assist or lead | Lead | Lead | Lead |
| Prepare and present client presentations | Assist | Assist or Lead | Lead | Lead | Lead |
| Develop functional and creative design solutions that meet the client's requirements, aesthetic and budget. | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Execute any or all phases of the design process: programming, schematic design, design development, contract documents | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Ensure accuracy of all drawings and specifications prior to presenting to client and/or placing an order. | Assist | Assist with or own | Own | Own | Own |
| Prepare and present design contracts and additional service contracts for design services | Assist | Assist or Lead | Lead | Lead | lead |
| Apply knowledge of design trends, code requirements and appropriate product applications when developing design solutions | • | • | • | • | • |
| Research product solutions | • | • | • | • | • |
| Create computer generated Design documents including design intent drawings, space plans, furniture typicals, furniture plans, installation documents, 3D views and rendered images to communicate and document design solutions. | • | • | • | • | • |
| Create computer generated furniture specifications | • | • | • | • | • |
| Meet project deadlines and keep accurate records of working time, additional service requests and reimbursable expenses specific to each project for billing purposes | • | • | • | • | • |
| Participate in key project meetings including Opportunity Kick Off meeting, Quote finalization meeting, pre-order meeting, pre installation meeting and punch meeting | • | • | • | • | • |
| Timely completion of TDX and billing reviews | • | • | • | • | • |
| Participate in responding to bids and RFP's | | • | • | • | • |
| Provide and manage time estimates for design services | | • | • | • | • |
| Provide and manage to key milestone dates assigned to Design on Risk Report | | • | • | • | • |
| Act as back up for other Designers when needed | | • | • | • | • |
| Mentor other Designers | | • | • | • | • |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011

**Target Commercial Interiors Planning and Design  Exempt Job Description**

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead (Focus on projects) | Senior Design Lead (Focus on projects) |
|---|---|---|---|---|---|
| When acting as Lead Designer, assume responsibility for work delegated to other Designers on the project team. | | • | • | • | • |
| Solely responsible for developing and maintaining client relationships on assigned projects that do not have an account manager | | | | • | • |
| Manage project teams; assume responsibility for all work delegated to team | | | | • | • |
| Consistently participate in networking activities and bring project opportunities to TCI | | | | | • |
| Additional duties as assigned | • | • | • | • | • |
| **Attributes and Skills** | | | | | |
| Personal – High degree of professional demeanor and appearance | • | • | • | • | • |
| Personal – Resilient and Adaptable: Learns and advances from experiences and feedback | • | • | • | • | • |
| Personal – Demonstrates Accountability: Owns their execution of tasks and demonstrates excellent follow through | • | • | • | • | • |
| Team – Collaborates: Strong team player; achieves buy-in from key internal and external stakeholders. | • | • | • | • | • |
| Team – Relates Well to Others: Strong interpersonal skills; develops and maintains positive relationships internally and externally; strong customer advocate. | • | • | • | • | • |
| Team – Communicates Effectively: Listens attentively | • | • | • | • | • |
| Team – Engages and Inspires others: Creates a feeling of energy, excitement and personal investment | | | | • | • |
| Thought – Strategizing and Problem Solving: Problem solving orientation. | • | • | • | • | • |
| Thought – Innovates: Generates new ideas that add value. | • | • | • | • | • |
| Results – Manages Execution: Works quickly to get things done; uses resources effectively; detail oriented with high level of accuracy. | • | • | • | • | • |
| Results – Drives for Results: Takes responsibility for results; fosters a sense of urgency | • | • | • | • | • |
| **Knowledge and Skills** | | | | | |
| Knowledge of Design trends and code requirements | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Knowledge of TCI best practices, product assortment and services related to TCI business | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Execution of all phases of the design process: programming, schematic design, design development and contract documents. | Developing proficiency | Proficient | Proficient | Expert | Expert |
| Developing creative product applications using Steelcase products and other manufacturers aligned with TCI. | Developing proficiency | Proficient | Proficient | Expert | Expert |
| Utilization of current software including AutoCAD, Configura, Hedberg and Microsoft Office suite. | Developing proficiency | Proficient | Proficient | Proficient | Proficient |
| Presentation Skills | Developing proficiency | Proficient | Strong | Excellent | Excellent |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011

Target Commercial Interiors Planning and Design Exempt Job Description

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead (Focus on projects) | Senior Design Lead (Focus on projects) |
|---|---|---|---|---|---|
| **Reporting/Working Relationships** | | | | | |
| Reports to VP of Planning and Design | | | | • | • |
| Reports to Design Lead | • | • | • | | |
| | | | | | |
| **Job Requirements** | | | | | |
| 4 Year Interior Design or Interior Architecture degree | • | • | • | • | • |
| NCIDQ and/or State Certification (within 2 years of reaching qualification and/or employment) | | • | • | • | • |
| Dealership back ground preferred | • | • | • | • | • |
| Industry experience | >3yrs | >3yrs | 7+ yrs | 10+ yrs | 10+ yrs |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
07/10/2014
CT Log Number 525295815

TO: Anne Lohmer
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

RE: **Process Served in Arizona**

FOR: Target Commercial Interiors, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan W. Parkin, etc., and a class of others similarly situated, Pltf. vs. Target Commercial Interiors, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Jury Demand, Certificate of Service, Letter, Offer |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2014008707 |
| **NATURE OF ACTION:** | Employee Litigation - Plaintiff's offer of Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 07/10/2014 postmarked on 07/08/2014 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Nicholas J. Enoch<br>Lubin & Enoch, P.C.<br>349 North Fourth Avenue<br>Phoenix, AZ 85003-1505<br>602-234-0008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/10/2014, Expected Purge Date: 07/15/2014<br>Image SOP<br>Email Notification, Employee Litigation Target CT.Service@target.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Issis Gonzalez<br>2390 E. Camelback Road<br>Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-381-9104 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process**
**Transmittal**
07/10/2014
CT Log Number 525295815

**TO:** Anne Lohmer
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:** **Process Served in Arizona**

**FOR:** Target Commercial Interiors, Inc. (Domestic State: MN)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Collective Action Complaint, | By Process Server on 07/03/2014 | Anne Lohmer Target Corporation | 525263846 |

Page 2 of 2 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**LUBIN & ENOCH, P.C.**
349 North Fourth Avenue
Phoenix, Arizona 85003-1505

PHOENIX
AZ 852
'09 JUL '14
PM 11 1





$0.480
US POSTAGE
FIRST-CLASS
FROM 85003
JUL 08 2014
**stamps**.com

Target Coporation
c/o CT Corporation System
2390 East Camelback Road Ste 110
Phoenix AZ 85016-9031

LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Kaitlyn A. Redfield-Ortiz
State Bar No. 030318
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nicholas.enoch@azbar.org

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Susan W. Parkin, a married woman; and a class of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Target Commercial Interiors, Inc., a Minnesota corporation,<br><br>        Defendant. | No. CV2014-008707<br><br>**PLAINTIFF'S JURY DEMAND**<br><br>(Assigned to the Honorable Arthur T. Anderson) |

Pursuant to Arizona Rule of Civil Procedure 38(b), Plaintiff Susan W. Parkin, by and through undersigned counsel, hereby requests a trial by jury of all issues triable of right by a jury in the above-entitled action.

RESPECTFULLY SUBMITTED this 8th day of July 2014.

LUBIN & ENOCH, P.C.


/s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiff

///

///

///

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on this 8th day of July 2014, I
electronically transmitted the attached Jury Demand using
3    the AZTurbo Court Efiling Online System with one (1) copy
sent via regular mail this same date to:

4

Timothy R. Baer, Esq.
5    Target Corporation
TPS-2670
6    1000 Nicollet Mall
Minneapolis, Minnesota 55403
7    Attorney for Defendant

8    CT Corporation System
2390 East Camelback Road
9    Phoenix, Arizona  85016
Statutory Agent for Defendant

10

11
   /s/ Cristina Gallardo-Sanidad
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2

**Cristina Sanidad**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, July 08, 2014 2:13 PM |
| **To:** | Amanda Zelisko; Cristina Sanidad; Nicholas Enoch; Carrie Irvine |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #1173566 has been DELIVERED to Maricopa County Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2014-008707 (Note: If this filing is for case initiation, you will receive a
separate notification when the case # is assigned.)
Case Title: Parkin Vs. Target Commercial Interiors Inc
Filed By: Nicholas J Enoch
AZTurboCourt Form Set: #1173566
Keyword/Matter #: 6000-001
Delivery Date and Time: Jul 08, 2014 2:12 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your
personal records only.)


Attached Documents:
Demand for Jury Trial: PLAINTIFF'S JURY DEMAND

1

1  LUBIN & ENOCH, P.C.
   Nicholas J. Enoch
2  State Bar No. 016473
   Kaitlyn A. Redfield-Ortiz
3  State Bar No. 030318
   349 North Fourth Avenue
4  Phoenix, Arizona 85003-1505
   Telephone: (602) 234-0008
5  Facsimile: (602) 626-3586
   Email: nicholas.enoch@azbar.org
6
   Attorneys for Plaintiff
7
                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8
                   IN AND FOR THE COUNTY OF MARICOPA
9
10  Susan W. Parkin, a married          No. CV2014-008707
    woman; and a class of others
11  similarly situated,
12        Plaintiff,
                                        **PLAINTIFF'S OFFER OF**
13  v.                                  **JUDGMENT**
14  Target Commercial Interiors,
    Inc., a Minnesota
15  corporation,
                                        (Assigned to the Honorable
16        Defendant.                    Arthur T. Anderson)

17  **TO: Defendant Target Commercial Interiors, Inc. ("Target")**
        **and its counsel.**
18
        Pursuant to Arizona Rule of Civil Procedure 68,
19
    Plaintiff Susan W. Parkin ("Parkin"), by and through
20
    undersigned counsel, hereby offers to allow judgment to be
21
    taken against Target and in favor of Parkin upon the claims
22
    made in the above-entitled action for the amount of seventy-
23
    four thousand two-hundred ninety-eight dollars and seventy-
24
    six cents ($74,298.76), such judgment inclusive of all
25
    damages, taxable court costs incurred to date, and interest,
26
    if any.
27
28

1       Pursuant to Rule 68(b), Parkin specifically excludes an

2  amount for attorneys' fees.  If Target accepts this offer,

3  then Parkin shall apply to the court for an award of

4  attorneys' fees.

5       DATED this 8th day of July 2014.

6                LUBIN & ENOCH, P.C.

7

8              /s/ Nicholas J. Enoch

              Nicholas J. Enoch, Esq.

9                Attorney for Plaintiff

10  Original*/copy of the foregoing

    Offer of Judgement mailed this

11  8th day of July 2014, to:

12  Timothy R. Baer, Esq.

    Target Corporation

13  TPS-2670

    1000 Nicollet Mall

14  Minneapolis, Minnesota 55403

    Attorney for Defendant

15

    CT Corporation System

16  2390 East Camelback Road

    Phoenix, Arizona  85016

17  Statutory Agent for Defendant

18

19  /s/ Cristina Gallardo-Sanidad

20

21

22

23

24

25

26

27

28                    2

 **CT Corporation**

**Service of Process Transmittal**
07/03/2014
CT Log Number 525263846

**TO:** Anne Lohmer
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:** **Process Served in Arizona**

**FOR:** Target Commercial Interiors, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan W. Parkin, etc., and a class of others similarly situated, Pltf. vs. Target Commercial Interiors, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Collective Action Complaint, |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2014008707 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of FLSA Overtime Compensation Standard - Seeking award of unpaid overtime in the amount appropriate to the proof adduces at trial - Seeking Declaratory Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/03/2014 at 12:00 |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date you were served, not counting the day you were served |
| **ATTORNEY(S) / SENDER(S):** | Nicholas J. Enoch<br>Lubin & Enoch, P.C.<br>349 North Fourth Avenue<br>Phoenix, AZ 85003-1505<br>602-234-0008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2014, Expected Purge Date: 07/12/2014<br>Image SOP<br>Email Notification, Employee Litigation Target CT.Service@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Issis Gonzalez |
| **ADDRESS:** | 2390 E. Camelback Road<br>Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-381-9104 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## ORIGINAL

Name of Person Filing: Nicholas J. Enoch, Esq.
Your Address: 349 North Fourth Ave
Your City, State, Zip Code: Phoenix, Arizona 85003
Your Telephone Number: 602-234-0008
Attorney Bar Number (if applicable): 016473
Representing ☐ Self (Without an Attorney) or ☒ Plaintiff or ☐ Defendant

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

Susan W. Parkin
**Name of Plaintiff**

Case No.: CV 2014-008707

### SUMMONS

Target Commercial Interiors, Inc.
**Name of Defendant**

| WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO** Target Commerical Interiors, Inc.
Name of Defendant

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003 or at 222 E. Javelina Drive, Mesa, Arizona 85210.

SUM                        Page 1 of 2          Form #210 LRD 03/23/2004  ALL RIGHTS RESERVED
                                                © Clerk of Superior Court of Arizona in Maricopa County

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

**SIGNED AND SEALED this date**

JUL - 2 2014

MICHAEL K. JEANES, CLERK OF COURT

By _____
   Deputy Clerk

E. Cervantes
Deputy Clerk

MICHAEL K. JEANES, CLERK

if you would like legal advice from a lawyer
contact the Lawyer Refe . . .
602-257-4434
or
www.maricopalawyers.co  or
Sponsored by the
Maricopa County Bar Association

Form #210  LRD 03/23/2004  ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County





1  LUBIN & ENOCH, P.C.
   Nicholas J. Enoch
2  State Bar No. 016473
   Kaitlyn A. Redfield-Ortiz
3  State Bar No. 030318
   349 North Fourth Avenue
4  Phoenix, Arizona 85003-1505
   Telephone: (602) 234-0008
5  Facsimile: (602) 626-3586
   Email: nicholas.enoch@azbar.org
6
   Attorneys for Plaintiff
7
8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9               **IN AND FOR THE COUNTY OF MARICOPA**

10  Susan W. Parkin, a married          No.
    woman; and a class of others
11  similarly situated,                 CV 2014-008707

12       Plaintiff,

13  v.                                  **COLLECTIVE ACTION**
                                        **COMPLAINT**
14  Target Commercial Interiors,
    Inc., a Minnesota
15  corporation,

16       Defendant.

17       **NOW COMES** the Plaintiff, Susan W. Parkin ("Parkin"), on

18  behalf of herself and all others similarly situated,

19  bringing this collective action against Defendant Target

20  Commercial Interiors, Inc. ("Target") pursuant to the Fair

21  Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

22  ("FLSA").

23                          **INTRODUCTION**

24       1.  Parkin was employed by Target from October 2008

25  through her retirement in April 2013.

26       2.  In this lawsuit, Parkin alleges that Target

27  willfully contravened her right, and the right of her

28  similarly situated co-workers, to be compensated for all the

1  overtime wages due them in accordance with the overtime
2  provisions of the FLSA, 29 U.S.C. § 207.

3                          **PARTIES**

4      3.   Parkin currently resides in Phoenix, Arizona.

5      4.   Parkin was an employee of Target as defined in 29
6  U.S.C. § 203(e)(1).

7      5.   Parkin was an employee of Target as defined in
8  A.R.S. § 23-350(2).

9      6.   Pursuant to 29 U.S.C. § 216(b), Parkin also seeks
10 to represent all other similarly situated employees who
11 work(ed) for Target and who have not been appropriately paid
12 the requisite overtime compensation.

13     7.   Parkin requests that she be permitted to serve as
14 representative of those who will later consent to
15 participate in this action and that this action be granted
16 collective action status pursuant to 29 U.S.C. § 216(b).

17     8.   Parkin presently believes and alleges that the
18 class includes approximately a dozen (12) other employees
19 who have, during the past three (3) years, worked for Target
20 at all of its locations as Senior Interior Designers.

21     9.   The claims asserted herein on behalf of Parkin and
22 the class present questions of law and fact common to the
23 class including, in particular, whether Target failed to pay
24 them the requisite overtime and, if so, for what reason.

25     10.  Parkin's claims are typical of the claims of the
26 class.

27

28                              2

1    11.   Parkin, as the named party, will fairly and

2  adequately protect the interests of the class.

3    12.   The prosecution of separate lawsuits by individual

4  members of the class would not be judicially inefficient but

5  it would create a risk of inconsistent or varying

6  adjudication with respect to individual members of the

7  class, which would establish incompatible standards of

8  conduct for Target.

9    13.   Target is engaged in commerce or in the production

10  of goods for commerce and/or handles, sells or otherwise

11  works on goods or materials that have been moved in or

12  produced for commerce.

13    14.   Target is a Minnesota corporation with its

14  principal place of business in Minneapolis, Minnesota.

15  According to its website,

16          Minneapolis-based Target Commercial
            Interiors is a wholly-owned subsidiary of
17          Target Corporation (NYSE:TGT) that
            provides high-quality commercial
18          furnishings and related services to
            business clients around the world.
19          Target Commercial Interiors is one of the
            nation's largest dealers of Steelcase
20          office furniture, with seven offices in
            four states and expertise spanning many
21          industries including office interiors,
            healthcare, higher education, hospitality
22          and sports arenas.

23  See http://www.targetcommercialinteriors.com/company/ (last

24  visited July 3, 2014).

25    15.   According to Target's website, the "four states"

26  mentioned in ¶ 14 supra are Arizona, Illinois, Minnesota and

27  Wisconsin.   See

28                                3

1  http://www.targetcommercialinteriors.com/locations/ (last
2  visited July 3, 2014).

3      16.  Target operates the Phoenix/Tempe Furniture
4  Showroom at 8530 South Priest Drive in Tempe, Arizona.

5      17.  Target's annual gross volume of sales or business
6  done is not less than five-hundred thousand dollars
7  ($500,000).

8      18.  Target was Parkin's employer as defined in 29
9  U.S.C. § 203(d).

10     19.  Target was Parkin's employer as defined in A.R.S.
11 § 23-350(3).

**JURISDICTION AND VENUE**

13     20.  This Court has jurisdiction over the subject
14 matter of this complaint pursuant to 29 U.S.C. § 216(b) and
15 A.R.S. § 12-123.

16     21.  Venue is proper in this Court pursuant to A.R.S. §
17 12-401(18).

**GENERAL ALLEGATIONS**

19     22.  From on or about October 2008 through April 2013,
20 Parkin was employed by Target.  During this period of time,
21 she primarily worked as a Senior Interior Designer at the
22 office located in Tempe.

23     23.  A true and accurate copy of Target's Job
24 Description for, *inter alia*, the Senior Interior Designer
25 position is attached hereto as *Exhibit A* and is incorporated
26 herein by reference pursuant to Arizona Rule of Civil
27 Procedure 10(c).  Parkin believes that the Job Description

28                                4

1   fairly and accurately describes the Key Duties and
2   Responsibilities of her former position.

3       24.   What the Job Description does not do, however, is
4   describe or estimate how much time a Senior Interior
5   Designer will, on average, actually spend on any given task.

6       25.   Given the actual nature of their duties, Parkin
7   and the other Senior Interior Designers were improperly
8   classified by Target as FLSA-exempt when, in fact, they
9   clearly should have been covered by the Act.

10      26.   During the relevant time period – *to wit*, the last
11  three (3) years – Target's policy was to pay its Arizona-
12  based Senior Interior Designers, including Parkin, biweekly.

13      27.   During the relevant time period Parkin's salary
14  for a biweekly term increased from approximately $ 2,123.20
15  to $ 2,450.00.   Thus, Parkin's regular rate of pay during
16  the relevant time period was between, roughly, $26.54 per
17  hour and $30.63 per hour.

18      28.   During virtually all two-week pay periods, Parkin
19  worked more than eighty (80) hours for Target.

20      29.   Upon information and belief, the other Senior
21  Interior Designers also worked more than forty (40) hours in
22  a work week.

23      30.   Parkin and her fellow Senior Interior Designers
24  received no compensation, let alone overtime compensation,
25  for any hours worked in excess of forty (40) per week.

26      31.   The employment and work records for Parkin and her
27  fellow Senior Interior Designers are in the exclusive

28                              5

1 | possession, custody, and control of Target, and she and the
2 | others are unable to state at this time the exact amount
3 | owing to each of them.  Target is under a duty imposed by
4 | A.R.S. § 23-364(G), 29 U.S.C. § 211(C) and the other
5 | regulations of the U.S. Department of Labor and Arizona
6 | Industrial Commission to maintain and preserve Parkin's
7 | payroll and other employment records from which the amounts
8 | of Target's liability can be ascertained.

9 | 32.  The federal laws regarding overtime are contained
10 | in the FLSA.  The FLSA is a remedial statute designed to
11 | eliminate labor conditions detrimental to the maintenance of
12 | the minimum standard of living necessary for the health,
13 | efficiency, and general well-being of workers.  29 U.S.C. §
14 | 202.  The FLSA sets a maximum number of hours employees may
15 | work per week.  29 U.S.C. § 207.  Unless an FLSA exemption
16 | applies, employees may be required to work more than forty
17 | (40) hours per week only if, for every hour worked over the
18 | maximum, the employer compensates the employee at a rate not
19 | less than one and one-half (1 ½) times the regular rate at
20 | which he is employed.  29 U.S.C. § 207(a)(1).

21 | 33.  The FLSA applies on a workweek basis.  Averaging
22 | of hours over two or more weeks is not permitted.

23 | 34.  At no time during the relevant time period did
24 | Target ever inform Parkin that her compensation was being
25 | calculated based on a fluctuating workweek.  Indeed, Target
26 | specifically relayed to Parkin, and the other Senior
27 | Interior Designers, that they were FLSA-exempt employees.

28 |

6

1   As such they did not have a clear, mutual understanding that
2   a fixed salary would be paid for fluctuating hours because
3   the parties had not contemplated overtime pay in the first
4   instance.   In addition, because Parkin and her colleagues
5   were erroneously classified as exempt, overtime compensation
6   was not provided contemporaneously.

7       35.   The overtime pay requirements of the FLSA do not
8   apply to salaried employees who work in a bona fide
9   executive, administrative, or professional capacity.   29
10  U.S.C. § 213(a)(1).   Parkin, as well as the other members of
11  the putative collective action, clearly do not fall within
12  any of the legally recognized exemptions.   Indeed, it is
13  well-settled that FLSA exemptions are to be narrowly
14  construed against employers, like Target, and withheld
15  except as to persons plainly and unmistakably within the
16  terms of the regulation.

17      36.   By way of example, Parkin's primary duties do not
18  include managing the enterprise or managing a customarily
19  recognized department or subdivision of the enterprise.
20  Parkin's primary duties do not include directing the work of
21  at least two or more other full-time employees.   Parkin's
22  primary duties do not include the authority to hire or fire
23  employees.

24      37.   Therefore, Parkin does not qualify for the
25  executive exemption to the FLSA.

26  ///

27  ///

28                                  7

38.   Parkin's primary duties did not include work requiring:  (1) advanced knowledge (2) in a field of science or learning (3) customarily acquired by a prolonged course of intellectual instruction.

39.   Parkin's primary duties were not of advanced knowledge because they were not predominantly intellectual in character and did not require analyzing, interpreting, and making deductions.  Work that is routinely mental, manual, mechanical, or physical does not qualify for the exception.  Parkin's primary duties were routine, manual and mechanical because they focused on selecting systems office furniture for clients based on a given space.  The office furniture was selected from a pre-produced list of furniture items designed by Target.

40.   Parkin did not work in a "field of science or learning"; such as law, medicine, theology, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, pharmacy, or other similar fields that have a recognized professional status.

41.   Interior design is not a "field of science or learning" but rather a mechanical art or skilled trade. Other skilled trades, even the fairly advanced type, will not be exempt unless they are in the field of science or learning.

///

8

1     42.   Parkin's interior design degree was not "acquired
2 by a prolonged course of specialized intellectual
3 instruction" because it is not required for entry into the
4 occupation of interior design.   The learned professional
5 exemption is restricted to professions where specialized
6 academic training is a standard prerequisite for entrance
7 into the profession.

8     43.   Parkin's job does not require "specialized
9 intellectual instruction" because it can be performed with a
10 degree in any field, with training from an informal
11 apprenticeship program, or with no degree at all.   The
12 learned professional exemption is not available for
13 occupations that may be customarily performed with general
14 knowledge acquired by an academic degree in any field, with
15 knowledge acquired through an apprenticeship, or with
16 training in the performance of routine mental, manual,
17 mechanical or physical processes.   Individuals with adequate
18 training or a different college degree could easily use
19 Target's computer program to assemble varied office
20 furniture designs.

21     44.   Therefore, Parkin does not qualify for the learned
22 professional exemption to the FLSA.

23     45.   Parkin's primary duties did not include work
24 requiring invention, imagination, originality or talent in a
25 recognized field of artistic or creative endeavor.   The
26 requirement of "invention, imagination, originality or
27 talent" distinguishes the creative professions from work

28                    9

1   that primarily depends on intelligence, diligence and
2   accuracy.  Parkin is not in a field of artistic or creative
3   endeavor because she selects pre-made furniture from the
4   furniture offered, and must listen to client preferences
5   over her own.

6       46.  Recognized fields or artistic and creative
7   endeavors include music, writing, acting and the graphic
8   arts.  Interior design is clearly not encompassed within one
9   of these fields or endeavors.

10      47.  Therefore, Parkin does not qualify for the
11  creative professional exemption to the FLSA.

**FIRST CLAIM FOR RELIEF**
**Violation of FLSA Overtime Compensation Standard**

12
13      48.  Target has willfully failed to compensate Parkin
14  and her former colleagues for overtime hours they worked as
15  required under 29 U.S.C. § 207.  Parkin and the putative
16  members of the collective action are entitled to receive
17  compensation at a rate of one and one-half (1 ½) times the
18  regular wage rate for any hours worked for Target in excess
19  of forty (40) hours in any week plus liquidated damages
20  pursuant to 29 U.S.C. § 216(b).

21      49.  Parkin and others similarly situated are also
22  entitled to receive an award of attorneys' fees and costs
23  pursuant to 29 U.S.C. § 216(b), which form an integral part
24  of the relief sought herein.

25  ///
26  ///
27

28                          10

1                                       **PRAYER**

2     **WHEREFORE,** Parkin and others similarly situated pray

3 that they recover from Target the following:

4     1.   An award of unpaid overtime in an amount

5 appropriate to the proof adduced at trial pursuant to 29

6 U.S.C. §§ 207 and 216(b);

7     2.   An award of liquidated damages regarding #1, *supra*,

8 in an amount appropriate to the proof adduced at trial

9 pursuant to 29 U.S.C. § 216(b);

10     3.   A declaratory judgment pursuant to the Uniform

11 Declaratory Judgments Act, A.R.S. § 12-1831, *et seq.,* that

12 Target has willfully and wrongfully violated its statutory

13 and legal obligations and deprived Parkin and all others who

14 are similarly situated of their rights, privileges,

15 protections, compensation, benefits, and entitlements under

16 the law, as alleged herein;

17     4.   An enhancement payment to Parkin of no less than

18 ten thousand dollars ($10,000) as compensation for the

19 expense she incurred on behalf of the putative members of

20 the collective action;

21     5.   In the event Target fails to satisfy any judgment

22 against it within ten (10) days of the judgment becoming

23 final, Target shall pay to the prevailing Plaintiffs an

24 amount which is treble the amount of the outstanding

25 judgment with interest thereon, in accordance with A.R.S. §

26 23-360;

27     6.   Attorneys' fees pursuant to 29 U.S.C. § 216(b);

28                                      11

1     7.   Court costs and costs of litigation pursuant to,

2   *inter alia*, 29 U.S.C. § 216(b);

3     8.   Such other and further equitable relief to which

4   Plaintiffs are entitled pursuant to Arizona Rule of Civil

5   Procedure 54(d); and

6     9.   Such other and further equitable relief as the

7   court deems just.

8     RESPECTFULLY SUBMITTED this 2nd day of July 2014.

9                        LUBIN & ENOCH, P.C.

10

11                       Nicholas J. Enoch, Esq.
                         Attorney for Plaintiff

12           **CONSENT TO JOIN COLLECTIVE ACTION**

13     I understand that this lawsuit is brought under, *inter*

14   *alia*, the FLSA, as amended, 29 U.S.C. § 216(b).  I hereby

15   consent, agree and opt-in to become a Plaintiff herein and

16   be bound by any judgment of the Court or any settlement of

17   this action.

18

19

20                     Susan W. Parkin
                     Plaintiff

21

22

23

24

25

26

27

28                     12

1   Original and two (2) copies
    of the foregoing Complaint
2   filed this 2nd day of July,
    2014, with:

3
    Michael K. Jeanes
4   Clerk of Superior Court
    Maricopa County, Arizona
5   201 West Jefferson Street
    Phoenix, Arizona 85003

6
    One (1) courtesy copy mailed
7   this same date to:

8   Timothy R. Baer, Esq.
    Target Corporation
9   TPS-2670
    1000 Nicollet Mall
10  Minneapolis, Minnesota 55403
    Attorney for Defendant

11

12
    /s/ Amanda Zelisko
13  F:\Law Offices\client directory\Parkin\pleadings\2014-7-2 (6000-001) COMPLAINT.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              13

# EXHIBIT A

Target Commercial Interiors Planning and Design Exempt Job Description

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead (Focus on projects) | Senior Design Lead (Focus on projects) |
|---|---|---|---|---|---|
| **Key Duties and Responsibilities** | | | | | |
| With specific direction, assist or assume responsibility for the design and specification of all assigned projects. | • | | | | |
| With moderate direction, assist in the design and specification of all assigned projects. | | • | | | |
| With minimal direction, assist in the design and specification of all assigned projects. | | | • | | |
| Assumes total responsibility for design and specification and management of project teams and project budget on all assigned projects. | | | | • | • |
| Ownership of design projects | Assist | Assist or Lead | Assist or Lead | Lead | Lead |
| Prepare and participate in consultative selling engagements and marketing efforts | Assist | Assist or lead | Lead | Lead | Lead |
| Prepare and present client presentations | Assist | Assist or Lead | Lead | Lead | Lead |
| Develop functional and creative design solutions that meet the client's requirements, aesthetic and budget. | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Execute any or all phases of the design process: programming, schematic design, design development, contract documents | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Ensure accuracy of all drawings and specifications prior to presenting to client and/or placing an order. | Assist | Assist with or own | Own | Own | Own |
| Prepare and present design contracts and additional service contracts for design services | Assist | Assist or Lead | Lead | Lead | lead |
| Apply knowledge of design trends, code requirements and appropriate product applications when developing design solutions | • | • | • | • | • |
| Research product solutions | • | • | • | • | • |
| Create computer generated Design documents including design intent drawings, space plans, furniture typicals, furniture plans, installation documents, 3D views and rendered images to communicate and document design solutions. | • | • | • | • | • |
| Create computer generated furniture specifications | • | • | • | • | • |
| Meet project deadlines and keep accurate records of working time, additional service requests and reimbursable expenses specific to each project for billing purposes | • | • | • | • | • |
| Participate in key project meetings including Opportunity Kick Off meeting, Quote finalization meeting, pre-order meeting, pre installation meeting and punch meeting | • | • | • | • | • |
| Timely completion of TDX and billing reviews | • | • | • | • | • |
| Participate in responding to bids and RFP's | | • | • | • | • |
| Provide and manage time estimates for design services | | • | • | • | • |
| Provide and manage to key milestone dates assigned to Design on Risk Report | | • | • | • | • |
| Act as back up for other Designers when needed | | • | • | • | • |
| Mentor other Designers | | • | • | • | • |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011

Target Commercial Interiors Planning and Design  Exempt Job Description

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead *(Focus on projects)* | Senior Design Lead *(Focus on projects)* |
|---|---|---|---|---|---|
| When acting as Lead Designer, assume responsibility for work delegated to other Designers on the project team. | | • | • | • | • |
| Solely responsible for developing and maintaining client relationships on assigned projects that do not have an account manager | | | | • | • |
| Manage project teams; assume responsibility for all work delegated to team | | | | • | • |
| Consistently participate in networking activities and bring project opportunities to TCI | | | | | • |
| Additional duties as assigned | • | • | • | • | • |

**Attributes and Skills**

| | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead | Senior Design Lead |
|---|---|---|---|---|---|
| Personal – High degree of professional demeanor and appearance | • | • | • | • | • |
| Personal – Resilient and Adaptable:  Learns and advances from experiences and feedback | • | • | • | • | • |
| Personal – Demonstrates Accountability:  Owns their execution of tasks and demonstrates excellent follow  through | • | • | • | • | • |
| Team – Collaborates:  Strong team player; achieves buy-in from key internal and external stakeholders. | • | • | • | • | • |
| Team – Relates Well to Others:  Strong interpersonal skills; develops and maintains positive relationships internally and externally; strong customer advocate. | • | • | • | • | • |
| Team – Communicates Effectively:  Listens attentively | • | • | • | • | • |
| Team – Engages and Inspires others:  Creates a feeling of energy, excitement and personal investment | | | | • | • |
| Thought – Strategizing and Problem Solving:  Problem solving orientation. | • | • | • | • | • |
| Thought – Innovates:  Generates new ideas that add value. | • | • | • | • | • |
| Results – Manages Execution:  Works quickly to get things done; uses resources effectively; detail oriented with high level of accuracy. | • | • | • | • | • |
| Results – Drives for Results:  Takes responsibility for results; fosters a sense of urgency | • | • | • | • | • |

**Knowledge and Skills**

| | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead | Senior Design Lead |
|---|---|---|---|---|---|
| Knowledge of Design trends and code requirements | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Knowledge of TCI best practices, product assortment and services related to TCI business | Developing knowledge | Working knowledge | In-depth knowledge | Expert knowledge | Expert knowledge |
| Execution of all phases of the design process: programming, schematic design, design development and contract documents. | Developing proficiency | Proficient | Proficient | Expert | Expert |
| Developing creative product applications using Steelcase products and other manufacturers aligned with TCI. | Developing proficiency | Proficient | Proficient | Expert | Expert |
| Utilization of current software including AutoCAD, Configura, Hedberg and Microsoft Office suite. | Developing proficiency | Proficient | Proficient | Proficient | Proficient |
| Presentation Skills | Developing proficiency | Proficient | Strong | Excellent | Excellent |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011

Target Commercial Interiors Planning and Design Exempt Job Description

| Title | Associate Interior Designer | Interior Designer | Senior Interior Designer | Design Lead *(Focus on projects)* | Senior Design Lead *(Focus on projects)* |
|---|---|---|---|---|---|
| **Reporting/Working Relationships** | | | | | |
| Reports to VP of Planning and Design | | | | • | • |
| Reports to Design Lead | • | • | • | | |
| **Job Requirements** | | | | | |
| 4 Year Interior Design or Interior Architecture degree | • | • | • | • | • |
| NCIDQ and/or State Certification  (within 2 years of reaching qualification and/or employment) | | • | • | • | • |
| Dealership back ground preferred | • | • | • | • | • |
| Industry experience | >3yrs | >3yrs | 7+ yrs | 10+ yrs | 10+ yrs |

This overview is intended to be a guide and may not be inclusive of all position requirements
Within relevant legal and Target policy constraints

7.19.2011



1  LUBIN & ENOCH, P.C.
   Nicholas J. Enoch
2  State Bar No. 016473
3  Kaitlyn A. Redfield-Ortiz
   State Bar No. 030318
4  349 North Fourth Avenue
   Phoenix, Arizona 85003-1505
5  Telephone: (602) 234-0008
6  Facsimile: (602) 626-3586
   Email: nicholas.enoch@azbar.org
7
   Attorneys for Plaintiff
8

9          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11

12  Susan W. Parkin, a married      ) Case No.:
13  woman; and a class of others    )          CV 2014-008707
14  similarly situated,             )
                                    ) **CERTIFICATE OF COMPULSORY**
                                    ) **ARBITRATION**
15              Plaintiff,          )
                                    )
16  v.                              )
                                    )
17                                  )
   Target Commercial Interiors,     )
18  Inc., a Minnesota Corporation,  )
                                    )
19                                  )
                                    )
20              Defendants.         )
                                    )
21                                  )
                                    )
22  _____)

23

24      The undersigned certifies that he knows the dollar limits

25  and any other limitations set forth by the local rules of

26  practice for the applicable superior court, and further

27  certifies that this case is not subject to compulsory

28

                        1-Complaint

1   arbitration, as provided by Rules 72 through 77 of the Arizona

2   Rules of Civil Procedure.

3

4

            RESPECTFULLY SUBMITTED this 2nd day of July 2014.

5

6                       LUBIN & ENOCH, P.C.

7

8                       Nicholas J. Enoch, Esq.

9                       Attorneys for Plaintiff

10

11  Original of the foregoing

12  Complaint filed this 2nd
    day of July, 2014, with:

13

14  Clerk of Superior Court
    201 West Jefferson Street

15  Phoenix, Arizona 85003

16

17  /s/Amanda Zelisko

18

19

20

21

22

23

24

25

26

27

28


                        2-Complaint

**In the Superior Court of the State of Arizona**
**In and For the County of Maricopa**

Case Number CV 2 0 1 4 – 0 0 8 7 0 7

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  Nicholas J. Enoch

Attorney's Bar Number  016473

**COPY**

JUL – 2 2014

MICHAEL K. JEANES, CLERK
E. CERVANTES
DEPUTY CLERK

Is Interpreter Needed? ☐ Yes  ☒ No
If yes, language type: _____
Attorney/Pro Per Signature _____
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)
Susan W. Parkin

Plaintiff's Address:
c/o Lubin & Enoch
349 North Fourth Avenue
Phoenix, AZ 85003

*(List additional plaintiffs on page two and/or attach a separate sheet).*

Defendant's Name(s): (List All)

Target Commercial Interiors, Inc.

*(List additional defendants on page two and/or attach a separate sheet).*

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

**NATURE OF ACTION**
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

September 1, 2011

1

**150-199 OTHER CIVIL CASE TYPES:**
☐ 156 Eminent Domain/Condemnation
☐ 151 Forcible Detainer
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Sexually Violent Persons (A.R.S. §36-3704)
   (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute - Other
☐ 159 Restoration of Civil Rights (Federal)
☐ 159 Clearance of Records (A.R.S. §13-4051)
☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain–Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute - Discrimination
☒ 185 Employment Dispute - Other
☐ 195(a) Amendment for Marriage License
☐ 195(b) Amendment for Birth Certificate
☐ 163 Other _____
                    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____